UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

-against-

JAMIL HAKIME,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/18/2023_

22 Cr. 699 (AT)

**ORDER**

ANALISA TORRES, District Judge:

The Court has reviewed the presentence investigation report ("PSR"), as prepared on June 14, 2023, and revised on July 11, 2023, ECF No. 35, and the parties' sentencing submissions dated July 6, 14, and 17, 2023, ECF Nos. 33, 37–38.

The Government alleges, in part, that "[D]efendant aided [Christopher] Brown's plan to 'shoot up a synagogue' by arming Brown and [Matthew] Mahrer with a powerful gun and many rounds of ammunition, and training Brown how to use the gun." ECF No. 37 at 7. The Government further states:

> [D]efendant clearly knew, or should have known, of Brown's and Mahrer's hateful intent when [D]efendant trafficked the [f]irearm and [a]mmunition to them. [D]efendant spent hours driving Brown and Mahrer to and from Pennsylvania to acquire the [f]irearm and [a]mmunition. During that drive, while they were in the car together, Brown was contacted by law enforcement regarding his threatening Twitter posts, a voice call he received while in the vehicle with [D]efendant. It strains credulity to believe that [D]efendant was completely unaware of what that communication entailed. [D]efendant also maintained close phone contact with Mahrer up until minutes before Mahrer and Brown were arrested at Penn Station with a Swastika arm band and large hunting knife in their possession—again demonstrating the unlikeliness that [D]efendant was wholly in the dark about what Brown and Mahrer were intending to do with the weapons he supplied them.

*Id.* at 7–8. The Government also states "[D]efendant attempted to conceal the extent of his conduct. After Brown's and Mahrer's arrests, and prior to his arrest on the instant charges, [D]efendant appears to have cleared any evidence of his firearms trafficking activity from both his residence at the Second Avenue [b]uilding, and his residence in Pennsylvania." *Id.* at 8.

Defendant claims he "had no knowledge of what the passengers intended to do with the gun." ECF No. 38 at 1. Defendant further states, in part:

> [T]here is no indication whatsoever that [Defendant] had any knowledge of . . . Brown's 'antisemitic agenda.' There is no evidence that [Defendant] in any way

> shared that agenda. Indeed, all evidence is to the contrary: his partner is a practicing Jew, and their home in the Poconos is filled with Judaica. . . .
>
> On the day the Government arrested [Defendant], it searched his home in Pennsylvania. There, the government found no evidence of any involvement in anti-semitic activity, no involvement in making threats against others, and no evidence of additional firearms trafficking, which is the other uncharged conduct for which the Government is seeking an upwards variance.

ECF No. 38 at 1–2.

Accordingly, the Court shall hold an evidentiary hearing on **September 19, 2023,** at **2:00 p.m**. to resolve these factual disputes. The parties shall submit a list of witnesses, and an estimate for how long each party will need to present testimony, by **September 5, 2023**. The sentencing scheduled for July 19, 2023, is ADJOURNED to **October 3, 2023,** at **3:00 p.m**.

SO ORDERED.

Dated: July 18, 2023
      New York, New York

ANALISA TORRES
United States District Judge